IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RANDALL J. HAMILTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-05-CV-070-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randall J. Hamilton seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including degenerative joint disease of the right knee, the amputation of two toes on his right foot, low back pain, and fatigue, weakness, and breathing difficulties related to asbestosis and silicosis. After his application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on April 13, 2004. At the time of the hearing, plaintiff was 52 years old. He has a high school equivalency diploma and past work experience as an oil pumper. Plaintiff has not engaged in substantial gainful activity since August 1, 1998.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from

degenerative joint disease of the right knee and impairments related to the amputation of two toes on his right foot, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a small products assembler and an electronics worker -- jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the administrative record does not contain important medical evidence that was considered by the ALJ in making her disability determination; and (2) the assessment of his residual functional capacity is not supported by substantial evidence and is inconsistent with applicable legal standards.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837

F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations but is not presumptively disabled, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first contends that his due process rights were violated because the administrative record does not contain a copy of a consultative examination report prepared by Dr. Edgardo Advincula in July 2000.[1] In her decision, the ALJ wrote:

> The claimant had a consultative physical examination in July 2000. At that time, the claimant reported pain and a "locking" sensation of the right knee. He said that he could sit for two to three hours at a time, could stand for fifteen to twenty minutes, could lift or carry objects weighing fifteen to twenty pounds if not requiring stooping or squatting. The claimant reported that he was not able to continue

---

[1] Plaintiff was examined by Dr. Advincula in connection with a prior application for disability insurance benefits. That application was denied and plaintiff did not appeal. (*See* Tr. at 16).

>his hobby of working on classic cars due to his symptoms. Relevant negative findings included lungs clear to auscultation, no shortness of breath, and equal deep tendon reflexes in the lower extremities. The claimant was noted to have only mild difficulty mounting the examination table and was not using a cane, crutches, or a walker. He did show a limp favoring the right side. The claimant was five feet and ten inches tall and weighed 234 pounds. The right foot showed an amputation of the second and third toe. The scar was noted on the right knee with some atrophy. Measurements showed that the right knee was an [sic] half of an inch smaller than the left. The examiner noted that the claimant was not able to heel and toe walk, squat, hop, or tandem walk, but there was no discussion of the degree of effort. The radiology findings showed severe degenerative changes of the right knee joint and amputations of the second and third digits of the right foot with subluxation of the first interphalangeal joint.

(Tr. at 18-19). Despite this extensive discussion of the medical evidence, the administrative record contains no report or supporting documentation from Dr. Advincula.[2] The Commissioner concedes that the record is deficient in this regard, but argues that the missing evidence is irrelevant to determining whether plaintiff was disabled from August 16, 2000 through December 31, 2001, the relevant period of disability in this case, and that the omission of such evidence is harmless in any event.

With respect to the Commissioner's relevancy argument, case law holds that "even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also Groves v. Apfel*, 148 F.3d 809, 810-11 (7th Cir. 1998) (evidence submitted in earlier application for benefits is relevant to subsequent disability application when determining

---

[2] In a letter to Dr. Advincula dated August 15, 2002, the Commissioner requested all medical records pertaining to plaintiff dating back to August 1997. Dr. Advincula returned the letter on September 3, 2002, indicating that the requested information was "not available." (Tr. at 111). Although it is not apparent from the record, the Commissioner may have obtained Dr. Advincula's consultative examination report from the file in plaintiff's earlier disability case. (*See id.* at 16).

whether claimant is disabled by a progressive condition); *Frustaglia v. Sec'y of Health & Human Services*, 829 F.2d 192, 193 (1st Cir. 1987) ("[A]n ALJ is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application."). The ALJ apparently recognized the relevance of Dr. Advincula's medical opinion, as she discussed it at length in the hearing decision.

Nor can the court say that the omission of this report from the administrative record is harmless error. Although there is no *per se* rule that an incomplete transcript requires reversal and remand, such a result is appropriate in cases where, as here, the missing evidence precludes meaningful judicial review. *See Bailey v. Heckler,* 576 F.Supp. 621, 622-23 (D.D.C. 1984) (where record is incomplete as to a dispositive factual issue, the deficiency makes it impossible for the court to determine whether the Commissioner's decision is supported by substantial evidence). As shown by the ALJ's discussion of the missing report, Dr. Advincula found that plaintiff suffered some impairment and exertional limitations due to degenerative changes of the right knee joint and the amputation of two toes on his right foot. (*See* Tr. at 18-19). Plaintiff argues that, given his age and lack of transferable skills, he would be presumptively disabled if his knee impairment restricted him to sedentary work at the end of his insured status. (*See* Plf. MSJ Br. at 7, *citing* 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 201.00). Yet the ALJ found that plaintiff's knee impairment did not preclude him from performing a limited range of light work. (Tr. at 24). This finding was based, at least in part, on Dr. Advincula's consultative examination report. Without reviewing the actual report, the court cannot determine whether the ALJ accurately summarized the medical evidence, thus frustrating meaningful judicial review. Remand is appropriate under these circumstances. *See Bailey,* 576

F.Supp. at 624.[3]

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED:  October 10, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.